UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY HAINES,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF CENTRALIA, *et al..*,<br><br>          Defendants. | Cause No. C20-5576RSL<br><br>ORDER GRANTING IN PART<br>LEAVE TO AMEND COMPLAINT |

     This matter comes before the Court on plaintiff's "Motion for Leave to Amend Complaint." Dkt. # 16. Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" (*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." (*Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted)). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

ORDER GRANTING IN PART
LEAVE TO AMEND COMPLAINT - 1

Having considered the proposed amended complaint, the Court finds that leave to amend should be granted in part. In his initial and amended complaints, plaintiff sought damages for unlawful incarceration, due process violations, and the deprivation of his right to counsel: no legal theories were specified. Dkt. # 1-1 at 2; # 8 at 2. In the proposed amendment, plaintiff adds a claim for "damages for violation of plaintiff's federal and Washington state constitutional rights; and any other and further relief supported by the pleadings and evidence and approved by the court." Dkt. # 16-1 at 3.

> Washington law contains no counterpart to 42 U.S.C. § 1983, which creates a civil cause of action for violations of the United States Constitution by persons acting under color of state law. *Sisley v. City of Seattle*, 179 Wn. App. 1021 (2014). Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations. *Blinka v. Wash. State Bar Ass'n*, 109 Wash. App. 575, 578 (2001).

*Peltier v. Sacks*, 328 F. Supp.3d 1170, 1185 (W.D. Wash. 2018). Thus, to the extent plaintiff seeks to add a claim for damages for violations of the Washington state constitution, the amendment would be futile and will not be permitted.

Defendants' objections based on prejudice are overruled. The fact that defendants chose to file a motion for summary judgment one month after removing the case to federal court and before a case management schedule was established does not make plaintiff's request to amend untimely, preclude discovery or the further procedural development of the case, or otherwise prejudice defendants' ability to defend this litigation.

For all of the foregoing reasons, plaintiff's motion for leave to amend (Dkt. # 16) is GRANTED in part. Plaintiff may, within twenty-one days of the date of this Order, file a second

ORDER GRANTING IN PART
LEAVE TO AMEND COMPLAINT - 2

amended complaint substantially in the form of Dkt. # 16-2 but deleting the phrase "and Washington state" from page 3, line 2.

Dated this 16th day of December, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
LEAVE TO AMEND COMPLAINT - 3